UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEKAL FARUKI, ET AL., | No. 2:14-cv-1587 GEB AC |
| Plaintiffs, | |
| v. | ORDER |
| COUNTY OF YOLO, DOES 1-20, | |
| Defendants. | |

Pending before the Court is an application to proceed in forma pauperis filed by Mekal Faruki, "Agent and Attorney in fact for the successors in interest of TODD PHILLIPS pursuant to California Probate Code § 4401 et seq." Compl. ¶ 6. This application accompanies a complaint, also filed and signed by Mekal Faruki, and also accompanies four notarized forms granting Mekal Faruki statutory power of attorney pursuant to the California Probate Code § 4401 to pursue claims and litigation arising out of the May 18, 2013 death of Todd A. Phillips for Elizabeth Barajas, the decedent's mother; Jasmine Barajas, the decedent's sister; and Michael Phillips and Dustin Contreras, the decedent's brothers. None of these named plaintiffs, however, have signed the complaint or filed separate applications to proceed in forma pauperis.

In the United States District Court for the Eastern District of California, a plaintiff may represent herself, proceeding pro se, or she may be represented by a licensed attorney. See E.D. Local Rule 183(a). This Local Rule states, in relevant part: "Any individual who is representing

1  himself or herself without an attorney must appear personally or by courtesy appearance by an
2  attorney admitted to the Bar of this Court and may not delegate that duty to any other individual,
3  including husband or wife, or any other party on the same side appearing without an attorney."
4  See also 28 U.S.C. § 1654 (providing that, in federal court, "parties may plead and conduct their
5  own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to
6  manage and conduct cases therein"); Simon v. Hartford Life, Inc., 546 F.3d 661, 664-65 (9th Cir.
7  2008) ("The privilege to represent oneself pro se provided by § 1654 is personal to the litigant
8  and does not extend to other parties or entities."). Additionally, in an action brought by a pro se
9  litigant, the real party in interest must be the person who "by substantive law has the right to be
10 enforced." C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).

11         A person holding only durable power of attorney does not qualify as an attorney at law,
12 and Mekal Faruki is not an attorney licensed to practice law in the state of California. See Johns
13 v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); see also Lomax v. City of Antioch
14 Police Officers, 2011 WL 4345057, at *3-*4 (N.D. Cal. 2011). Also, it is unclear what Mekal
15 Faruki's relation is to the decedent, and therefore it is impossible for the Court to determine
16 whether this individual is a real party in interest. Finally, Rule 11 of the Federal Rules of Civil
17 Procedure requires that all pleadings and motions filed with the Court be signed by the party
18 making the motion if they are not represented by an attorney. Mekal Faruki therefore cannot file
19 actions, sign pleadings for, or act on behalf of the plaintiffs, even with a power of attorney.

20         Accordingly, IT IS ORDERED that:
21         1. Mekal Faruki's request for leave to proceed in forma pauperis (ECF No. 2) is denied;
22         2. The July 7, 2014 complaint is stricken;
23         3. Within thirty (30) days, plaintiffs shall file a complaint that they personally sign, if
24            they are proceeding pro se, or that an attorney representative signs on their behalf;
25         4. Plaintiffs shall pay the filing fee in full or file separate applications to proceed in
26            forma pauperis; and
27  ////
28  ////

5. Failure to comply with this order may result in a recommendation that this action be dismissed.

DATED: July 30, 2014

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE