UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH BARAJAS, ET AL., | No. 2:14-cv-01587-GEB-AC |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF YOLO, | |
| Defendants. | |

Plaintiffs are proceeding in this action pro se.  Before the court is a motion for extension of time filed on September 8, 2014, by plaintiff Elizabeth Barajas.  For the reasons discussed below, the court will order the motion granted in part.

On July 7, 2014, a complaint was filed on behalf of the four named plaintiffs by a non-attorney "agent."  ECF No. 1.  The complaint was stricken on July 31, 2014, for plaintiffs' failure to file on their own behalf.  ECF No. 3.  The court explained that in the United States District Court for the Eastern District of California, a plaintiff may represent herself, proceeding pro se, or she may be represented by a licensed attorney.  ECF No. 3.  An unlicensed individual with a power of attorney cannot represent others in court.  Id.  Accordingly, the court instructed plaintiffs to file an amended complaint signed either personally by each plaintiff or by a licensed attorney representing them, on or before August 31, 2014.  Id.  The court's July 31, 2014, order also denied an application to proceed in forma pauperis filed by purported "agent" Mehal Faruki

1

1  for the same reason.  Id.

2      On September 8, 2014, plaintiff Elizabeth Barajas filed a notice of change of address and
3  a motion for extension of time, which explained that she is generally unemployed or low income.
4  ECF No. 4, 5.  This motion for extension of time also requested that the court supply plaintiff
5  with an attorney.  Id.

6      The court may accept a late filing when the moving party's failure to meet the deadline
7  was the result of "excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  Further, it is within the court's
8  discretion to grant or deny a request for an extension of time.  See Ahanchian v. Xenon Pictures,
9  Inc., 624 F.3d 1253, 1258 (9th Cir. 2012).  It seems that plaintiffs did not initially receive the
10 court's July 31, 2014, order because of a change in address.  See ECF No. 4.  The court therefore
11 finds good cause to grant Elizabeth Barajas's request for an extension of time.

12     However, plaintiffs Jasmine Barajas, Michael Phillips, and Dustin Contreras have not
13 personally signed the motion before the court.  An individual who is not a licensed attorney, even
14 one who is a party to the litigation, cannot represent another party in papers filed in court.  Local
15 Rule 182(a); Simon v. Hartford Life, Inc., 546 F.3d 661, 664–65 (9th Cir. 2008).  Plaintiff
16 Elizabeth Barajas cannot request an extension of time on behalf of the other plaintiffs, just as she
17 cannot file an amended complaint on their behalf.  See Hayes v. Watson, 1:10-CV-00064-EJL,
18 2013 WL 211084 (D. Idaho Jan. 18, 2013) (declining to consider a motion for extension of time
19 as to pro se litigants that did not sign the motion).  If plaintiffs Jasmine Barajas, Michael Phillips,
20 and Dustin Contreras wish to receive an extension as well, they must file a motion that is either
21 signed by them or by a licensed attorney representing them.  Accordingly, good cause being
22 shown, the court will grant plaintiff Elizabeth Barajas's motion to the extent that she seeks to
23 obtain an extension of time for herself only.

24     Plaintiff Elizabeth Barajas also requests that the court appoint her counsel.  The right to
25 counsel in criminal matters in the federal courts is guaranteed by the Sixth Amendment.  Johnson
26 v. Zerbst, 304 U.S. 458, 462 (1938).  In civil proceedings however, the right to counsel has only
27 been recognized in very limited circumstances.  Lassiter v. Department of Social Servs., 452 U.S.
28 18, 32 (1981).  The determination of whether due process requires the appointment of counsel in

civil cases requires the balancing of the three Eldridge factors, "the private interests at stake, the government's interest, and the risk that the procedures used will lead to erroneous decisions." Lassiter v. Dep't of Soc. Servs. of Durham Cnty., N. C., 452 U.S. 18, 31 (U.S.N.C. 1981).  There is a presumption that a right to appointed counsel exists only when the moving party can show that her personal freedom is at risk.  Id. at 26–27.  Plaintiff has not made a showing either that her personal freedom is at risk in this litigation or that the Eldridge factors support the granting of her motion.  Accordingly, the court will deny Plaintiff Elizabeth Barajas's request for counsel.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff Elizabeth Barajas's motion for extension of time (ECF No. 5) is granted in part, as to herself only;
2. Plaintiff Elizabeth Barajas's request that the court appoint her counsel (ECF No. 5) is denied; and
3. Plaintiff Elizabeth Barajas shall file her amended complaint on or before October 1, 2014.  Failure to file a pleading by that date will result in a recommendation that this action be dismissed.

DATED: September 12, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE